UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TATE,<br><br>         Plaintiff,<br><br>    v.<br><br>TIARA CALAMIA, et al.,<br><br>         Defendants. | No. 2:23-cv-1637 CKD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Under Rule 8 of the Federal Rules of Civil Procedure a complaint must generally be short and plain. Here, plaintiff's complaint is 46 pages excluding exhibits, and is rambling and, at times, vague and/or illegible.

Further, plaintiff has violated rules concerning joinder. Under Rule 20 of the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated claims against different defendants. Simply put, plaintiff cannot join claims against defendant B that do not arise out of the same series of transactions or occurrences as a claim against defendant A. For example, plaintiff's allegations against defendant Robinson between paragraphs 40-52 are not part of the same series of transactions or occurrences as plaintiff's allegations against defendant Calamia appearing earlier in the complaint.

For these reasons, plaintiff's complaint will be dismissed with leave to amend. The body of plaintiff's complaint cannot exceed 20 pages, must be legibly written and must be concise. Further, plaintiff should comply with rules concerning joinder. If plaintiff does not, he will not be able to proceed on all of his claims.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the

docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: August 31, 2023

*(signature)*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
tate1637.frcp8