UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TATE,<br><br>            Plaintiff,<br><br>      v.<br><br>TIARA CALAMIA, et al.,<br><br>            Defendants. | No. 2:23-cv-1637 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis seeking relief pursuant to 42 U.S.C. § 1983. On August 31, 2023, the court dismissed plaintiff's complaint with leave to amend. Plaintiff has filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Under Rule 8 of the Federal Rules of Civil Procedure a complaint must generally be short and plain.

Plaintiff's amended complaint suffers from the same problem as the original: it is not short and plain. Instead, it is rambling, confusing, conclusory (meaning certain allegations are conclusions only and not supported by factual allegations) and, at times, not legible. Further, plaintiff has again violated rules concerning joinder. Under Rule 20 of the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated claims against different defendants. Simply put,

1

plaintiff cannot join claims against defendant B that do not arise out of the same series of transactions or occurrences as a claim against defendant A.

Plaintiff's amended complaint will be dismissed, and plaintiff will be given one final opportunity to comply with the following: the body of plaintiff's second amended complaint cannot exceed 20 pages, must be legibly written, must be concise, and exclusive of material not contributing to stating a claim upon which plaintiff might proceed.[1]  Further, plaintiff must comply with rules concerning joinder.

With respect to the allegations made in plaintiff's amended complaint, the court provides applicable law as follows:

Subjecting a prisoner to severe or prolonged unsanitary conditions can constitute a violation of the Eighth Amendment but conditions which are temporary do not state a claim without risk of actual harm.  Anderson v. County of Kern, 45 F.3d 1310, 1314–15 (9th Cir. 1995).

Prison officials generally cannot retaliate against inmates for exercising First Amendment rights.  Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).  Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals."  Id. at 532.  The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  Also, to state a claim for retaliation, plaintiff must point to facts indicating a causal connection between the adverse action and the protected conduct.  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

To prevail on an equal protection claim, plaintiff must establish that he is being treated differently from others with whom he is similarly situated, and that the unequal treatment is the result of intentional or purposeful discrimination.  Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).  Even if plaintiff makes that showing, he will not be entitled to relief if the defendants

---

[1] The court notes that plaintiff's amended complaint is 20 pages long, but much of the information provided serves no purpose in stating any claims.

1  demonstrate that the regulations at issue "serve important governmental objectives and that the
2  discriminatory means employed are substantially related to the achievement of those objectives."
3  (internal quotation omitted.)  Harrison v. Kernan, 971 F.3d. 1069, 1076 (9th Cir. 2020).
4      Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
5  make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended
6  complaint be complete in itself without reference to any prior pleading.
7      In accordance with the above, IT IS HEREBY ORDERED that:
8      1. Plaintiff's amended complaint is dismissed.
9      2. Plaintiff is granted thirty days from the date of service of this order to file a second
10  amended complaint that complies with the requirements of this order, the Civil Rights Act, the
11  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended
12  complaint must bear the docket number assigned this case and must be labeled "Second Amended
13  Complaint."  Failure to file a second amended complaint in accordance with this order will result
14  in a recommendation that this action be dismissed.

15  Dated:  May 16, 2024

_[signature]_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

20  1
tate1637.frcp8(2)