UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TATE, | No. 2:23-cv-01637-WBS-CKD P |
| Plaintiff, | |
| v. | ORDER |
| TIARA CALAMIA, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court are defendant's motion to compel plaintiff's deposition, and plaintiff's motion to compel discovery. ECF Nos. 34, 37. For the reasons discussed below, the court will grant defendant's motion to compel and deny plaintiff's motion to compel.

**I.      Procedural History**

This case is proceeding on plaintiff's claims against defendant Calamia under the First and Eighth Amendments. See ECF Nos. 14 (Findings and Recommendations), 21 (order adopting Findings and Recommendations). A Discovery and Scheduling Order was issued on July 25, 2025, which set the discovery cut-off date as November 21, 2025. ECF No. 25. At plaintiff's request, the discovery cut-off date was reset to January 31, 2026. ECF No. 28.

/ / /

1

## II.      Defendants' Motion to Compel

Defendant noticed plaintiff's deposition for January 26, 2026. ECF 38. Defendant alleges that while plaintiff appeared for his deposition on January 26, 2026, he refused to move forward because he felt that he would not have time to amend the deposition transcript before dispositive motions were due. Id. at 2. Plaintiff is informed that since the filing of his opposition, the Court has modified the dispositive motion deadline to close on May 18, 2026. ECF No. 36.

To proceed with this action, plaintiff must cooperate in discovery, including being deposed. Thus, the factors of timeliness, good cause, utility, and materiality weigh in favor of granting the motion to compel plaintiff's deposition. See CSC Holdings, Inc. v. Redisi, 309 F.3d 988, 993 (7th Cir.2002); Fed.R.Civ.P. 37(a) (3)(B)(i), 37(d)(l)(A)(i). The court will grant defendant's motion to compel plaintiff to appear for his deposition within thirty days. As plaintiff is an indigent prisoner, however, the court will deny defendants' request for monetary sanctions. See Fed. R. Civ. Pr. 37(a)(5)(A)(iii). Nonetheless, plaintiff is warned that if he again refuses to subject himself to deposition, the court will consider the sanction of dismissing this action pursuant to Rule 37.

Defendant's motion is granted in part and denied in part.

## III.      Plaintiff's Motion to Compel

Plaintiff's motion to compel concerns his "first set of interrogatories" dated September 21, 2025, which had 47 parts. ECF No. 37. Defendant timely filed a motion for extension of time to respond to Plaintiff's discovery requests on November 5, 2025, which was granted by the Court on November 6, 2025. ECF Nos. 29, 20. Defendant served her responses and formal objections to the requests on November 19, 2025. ECF 40.

Essentially, plaintiff alleges that the responses were inadequate because plaintiff contends that defendant failed to respond to Interrogatories 26–47 and argues that defendant is refusing to answer based on a technical reading of the "25 interrogatory" limit. ECF No. 37 at 3.

Plaintiff argues that the Federal Rules of Civil Procedure allow for 25 interrogatories per set, not in total, and argues that if he had submitted the interrogatories as two sets (one with 25 questions and another with 22), defendant would have been required to answer all of them. Id.

2

Plaintiff further argues that, as a pro se litigant, his interrogatories should be construed liberally and treated as two separate sets, entitling him to responses to all 47 interrogatories. Id.

Plaintiff is incorrect in his reading of the rules. "Plaintiff's pro se status, moreover, is not a free pass for discovery rules to be relaxed in his favor." McClellan v. Kern Cnty. Sheriff's Off., No. 1:10-CV-0386 LJO MJS PC, 2015 WL 5732242, at *1 (E.D. Cal. Sept. 29, 2015).

Plaintiff also takes issue with the "boilerplate nature of defendant's" responses to Interrogatories Nos. 2,3, 7, 8, 9,10, 11, 12, 13, 14, 15, 18, 22, 23, and 24. ECF No. 37 at. 3. As defendant points out, plaintiff's motion to compel is procedurally defective because he fails to address defendant's objections in the context of each interrogatory. "Plaintiff may not simply assert in his motion that he is dissatisfied for various reasons with most of Defendants' responses, without addressing *each* of the objectionable interrogatories." Gilmore v. Augustus, No. 1:12-CV-00925-LJO-GS, 2014 WL 4354656, at *3 (E.D. Cal. Sept. 2, 2014).

Nonetheless, the Court has reviewed the responses to each of the interrogatories at issue and finds that they were appropriate and proper. Plaintiff's motion to compel is denied.

**IV.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (ECF No. 34) is GRANTED in part and DENIED in part. Defendant is granted 30 days within which to take plaintiff's deposition. Plaintiff is warned that failure to submit to deposition may result in further sanctions including the dismissal of this case. Defendant's motion for monetary sanctions is denied. In all other respects, discovery is closed.

2. Plaintiff's motion to compel (ECF No. 37) is DENIED.

3. The deadline for filing dispositive motions is extended to July 1, 2026.

Dated:  April 9, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Ckd tate.1637.m2compel

3